[L. A. No. 12952. In Bank.—August 29, 1932.]

MAGGIO BROTHERS CO., INC. (a Corporation), Respondent, v. PEARL W. WOOD, Appellant.

William M. Morse, Jr., S. A. Shoop and Ray T. Johnson for Appellant.

Kendall B. Perkins and Utley & Nuffer for Respondent.

THE COURT.—The petition for hearing in this matter was granted in order that this court might amend the judgment entered by the District Court of Appeal of the Fourth Appellate District, otherwise the opinion written by Mr. Presiding Justice Barnard and concurred in by Associate Justice Jennings and Associate Justice Scovel, sitting *pro tempore,* is adopted.

"This is an appeal by the defendant from a judgment in favor of the plaintiff in an action in claim and delivery for the return of a truck. The truck in question was sold by the respondent to the appellant under a contract which provides that it shall be paid for 'in monthly payments', although the contract neither provides for any particular amount per month nor, in view of its other terms, for any regu-

larity in making the payments. The contract provides that the buyer shall have the right to make any and all payments upon the truck 'out of work and hauling to be done by second party with said truck for the first party'. The contract also provides: 'And it is the intention of the two parties that the first party shall employ the second party, *from time to time hereafter,* as a truck driver to make certain trips with said truck about the State of California in hauling fruit and produce for the first party. That the second party shall, from the proceeds accruing to him from such trips, be enabled to make monthly payments on the said purchase price of said truck, to first party, until said amount of $3200.00 has been fully paid; and that during the time from this date until said full purchase price has been fully paid, the second party shall hold himself open at all time to undertake such work with said truck, for the first party.' Another contract was entered into at the same time between the parties providing that the appellant shall do 'certain hauling' for the respondent for a period of two years but failing utterly to make any provision as to what hauling, the amount thereof, when it is to be done, or that it shall be done with any regularity. While this contract fixes the price to be allowed for trips to various sections of the state, nothing is mentioned as to how many trips shall be made or when. These contracts did not even provide that the respondent should give all of its hauling to the appellant, and it fully appears from the evidence that a large part of its hauling was given by respondent to other persons, when cheaper rates could thereby be obtained. The vagueness of these contracts is only exceeded by the indefiniteness of the complaint filed. While the action purports to be in claim and delivery, the complaint neither alleges title in the plaintiff, right of possession in it, nor that demand has been made and possession refused. The prayer does ask for possession of the truck. However, the essence of the complaint seems to be that the respondent sold the truck to the appellant, to be paid for by hauling done therewith by the appellant for the respondent, and that the appellant had broken the contract by refusing to do any more hauling for the respondent. If any cause of action is set up by the complaint, proof that the appellant has broken the contract in this particular respect is essential to a recovery by the respondent. The court

found that the appellant complied with all of the terms of the contracts up to March 7, 1930, and that he then failed and refused to do any more hauling for the respondent and took the truck to 'parts unknown' and absconded therewith.

■ "The only point presented which need be considered is that the evidence does not support this finding, which contention we think must be sustained. It appears that the appellant lived at Puente while the respondent had its principal place of business at El Centro. While the appellant did not haul for the respondent continuously, and while much of respondent's hauling was given to other parties, no difficulties arose until in March, 1930. It is conceded by the respondent that the appellant was given specific permission to use the truck in hauling for other people during the months of January and February, 1930. The court correctly found that the appellant fully lived up to the terms of the contracts until March 7, 1930. However, it appears that in September, 1929, the respondent signed and delivered to the appellant the pink registration certificate applying to this truck and the appellant re-registered the truck in his own name, both as legal and registered owner. The respondent contends that this was done only for the purpose of enabling the appellant to take out insurance on the truck. In any event, the matter was not seriously questioned until March 6, 1930, when the president of the respondent company told the appellant to bring back the pink slip. While the respondent contends the appellant agreed to bring this back on March 10th, the appellant testified that he said he would bring it back either on that day or as soon thereafter as he came to El Centro. While the appellant had previously complained to the respondent of the fact that the respondent was giving its hauling work to others at a lower price instead of calling upon the appellant under these contracts, it is fully apparent that this action arose out of a dispute over the return of this pink slip. The appellant did not return the pink slip on March 10th as on that day he was using the truck to haul a load of hay to Ontario. On that day respondent's president and manager called the sheriff's office and also ordered all his employees to watch for the truck. On the same day, one of respondent's agents saw the appellant with the truck-load of hay in Brawley, whereupon he tried to induce an officer to take possession of the

truck, asked appellant to immediately return the truck to El Centro, told appellant that he had no interest therein and threatened him with arrest. Appellant replied that he had to deliver the load of hay, but would return with the truck to El Centro the next day. Before he could return he was arrested and this action was started.

"The respondent does not call our attention to a word of evidence and we have been unable to find any evidence in the record that even tends to support the finding of the court that the appellant failed and refused to do any hauling for the respondent, or that the respondent ever at any time requested the appellant to do any hauling which was not done. The court found that the appellant had fully complied with the contract up to March 7th. Respondent's president and manager testified that he had no conversation with appellant in the month of March, 1930, concerning hauling. The evidence as to a conversation between the president of the respondent company and the appellant on March 6th shows that it related entirely to the return of the pink slip by the appellant. The evidence as to the conversation between respondent's agent and the appellant on March 10th related to this pink slip, the ownership of the truck, and the demand for its possession and the claim that the appellant had no further interest therein. There is not a word of evidence that on either occasion the appellant was asked to do any hauling or that he refused any such request.

"Apparently respondent relies upon the contention that the clause in the contract to the effect that the appellant 'shall hold himself open at all time to undertake such work', required the appellant to be at respondent's place of business at all times with the truck; that respondent's permission to use the truck in hauling for others was limited to two months, which had expired; and that appellant breached the contract when he failed to come to respondent's office in El Centro on March 10th. No such an interpretation of the contracts is tenable. Under the terms of the contracts the appellant had the absolute right to haul for other parties at any time he chose, unless his services were required by the respondent and any special permission to so haul was both unnecessary and immaterial. The respondent did not agree to give him any particular amount of hauling or with any regularity. The parties lived at different places and under the

vague and loose provisions of the contract, the clause as to holding himself in readiness must be given a reasonable interpretation in the light of its other provisions. It was not incumbent upon the appellant to sit in respondent's office waiting until they should need him and he was entitled to be notified when his services were required. The provision that he should hold himself in readiness, the absence of a provision that he should report regularly for duty, the fact that he lived in a city many miles away, the indefiniteness as to when his services would be required, and the fact that the other party to the contract was left free to give him much or little of its hauling, all import the necessity for a reasonable notice to appellant when his services with the truck were required. This is especially true in view of the additional evidence that he had been particularly told that work was slack with the respondent, and that he might obtain work elsewhere during the next 'couple of months'. Both the terms of the contract and the nature of this consent, demanded a reasonable notification when his services were required, before he could be put in default and his interest in the truck taken from him. Even if he had been notified at the conversation of March 10th that his services were then required, under the circumstances, it would have been a sufficient compliance with the contracts for the appellant to have delivered the load he then had upon the truck and reported to the respondent for work the next day. However, no such notice was given him and the action was started at a time when all of the evidence in the records shows he was not in default.

"All of the evidence being contrary to this particular finding and there being no other findings to support the judgment," the judgment is reversed.